## ARMENGAUD *v.* COUDERT and others.

*(Circuit Court, S. D. New York.    April 15, 1886.)*

EQUITY—PLEADING—PLEA—STRIKING OUT—SETTING DOWN FOR ARGUMENT.

A plea which alleges matters properly to be brought forward by an answer only is not a pleading recognized by the rules of practice, and will be stricken from the files; but if the matters alleged are the proper subject of defense by way of plea, then such pleading, although not good in substance, is an authorized pleading, and all objections to it must be taken by setting it down for argument.

In Equity.
*W. H. L. Lee,* for complainant.
*Edward K. Jones,* for defendants.

WALLACE, J.    The plaintiff has moved to strike the defendants' plea from the files, and alternatively to strike out certain parts of the plea.    The question which is really presented by such a motion is not whether the plea is good in matter or substance, but whether such a pleading can be interposed to the bill.    A plea which alleges matters properly to be brought forward by an answer only is not a pleading recognized by the rules of practice, and will be stricken from the files; but if the matters alleged are the proper subject of defense by way of a plea, then such a pleading, although not good in substance, is an authorized pleading, and all objections to it must be taken by setting it down for argument.

The bill avers the existence of a cause of action which entitles the plaintiff to an accounting, and also avers, by way of anticipating a defense, that the defendants rely upon a release of the cause of action, the existence of which the plaintiff does not admit, but which, if it does exist, was procured by fraud and misrepresentation, the particulars of which are set forth in detail.    The defense of a release of the cause of action which a plaintiff sets forth in his bill may always be brought forward by plea.    Ordinarily, such a defense constitutes a pure plea, because it rests upon matters *dehors* the bill.    The plea in this case is not of that character, because, to be good, it must negative some of the averments of the bill.    The pleader has not negatived the averments setting forth that the release was procured by fraud, but confines his plea to the other allegations of the bill, and answers to the averments of fraud by denying the fraud.    It is, of course, competent for a defendant to plead to part of a bill, and answer to the residue; and if his plea is maintained, it is a bar to the relief *pro tanto* to which the plaintiff would otherwise be entitled; but he can gain nothing by a plea to part of the bill, if his plea fails to meet other allegations which, if true, would, notwithstanding the matters alleged in the plea, entitle the plaintiff to all the relief sought.

It is stated in Story, Eq. Pl. § 680, to be "now firmly established that the plea itself, as well as the answer, must contain the aver-

ments negativing the facts and circumstances so set up in the bill in avoidance of the bar or defense." Tested by this rule, the present plea would seem to be bad. Assuming this to be so, however, the plaintiff's remedy is not by motion to strike it from the files, but by setting it down for argument.

The motion is denied.